# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JUDY SMITH, ) | |
| ) | |
| Plaintiff, *pro se*, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | **AND RECOMMENDATION** |
| ) | |
| ERIC K. SHINSEKI, Secretary ) | 1:08CV272 |
| of the Department of Veteran ) | |
| Affairs, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant's motion for summary judgment pursuant to FED. R. CIV. P. Rule 56. (docket no. 44.) Plaintiff has failed to respond to the motion, and the time to do so has passed. The motion therefore is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, Defendant's motion must be addressed by way of recommendation. For the following reasons, it will be recommended that the court **GRANT** Defendant's motion for summary judgment.

## I. BACKGROUND

On April 17, 2008, proceeding *pro se,* Plaintiff Judy Smith ("Plaintiff") filed this action against Defendant, James B. Peake in his capacity as Secretary of the Department of Veterans Affairs ("VA").[1] (Compl. ¶ 2.) On November 13, 2008,

---

[1] On January 20, 2009, Eric K. Shinseki became the Secretary of the Department of Veterans Affairs. Pursuant to FED. R. CIV. P. 25(d), he was automatically substituted as the proper defendant in this action.

Defendant filed a motion to dismiss or, in the alternative, a motion for a more definite statement. (docket no. 9.) On October 7, 2009, this court granted Defendant's motion for a more definite statement and ordered Plaintiff to re-file her complaint on or before October 26, 2009.

On October 23, 2009, Plaintiff re-filed her complaint. In her amended complaint, Plaintiff claims that she has exhausted administrative remedies for a series of Equal Employment Opportunity ("EEO") actions she initiated against the VA beginning in October 2003 and continuing into May 2007. (Am. Compl. ¶ 3.) In response to Plaintiff's amended complaint, Defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment. (docket no. 20.) On November 30, 2009, Plaintiff filed a motion for leave of the court to make further amendments to her complaint (docket no. 23) and filed a response to Defendant's motion to dismiss. (docket no. 24.) Defendant filed a reply to Plaintiff's response on December 14, 2009, (docket no. 25) and a response to the motion to amend on December 15, 2009. (docket no. 26.) Plaintiff filed a reply to Defendant's response (docket no. 28) on December 28, 2009; and the undersigned issued an Order granting Plaintiff's motion to amend on March 1, 2010. (docket no. 28.) Defendant filed an answer to amended complaint on March 25, 2010. (docket no. 29.)

On May 19, 2010, Plaintiff filed an amended complaint (docket no. 31); and Defendant filed an answer. (docket no. 32.) Plaintiff, who acquired legal counsel, and Defendant filed a Rule 26(f) Report on July 7, 2010. (docket no. 33.) On

2

July 13, 2010, the undersigned issued an order approving the joint Rule 26(f) Report. Plaintiff filed a second amended complaint on August 26, 2010, which asserts claims of discrimination and harassment based on religion, hostile work environment, and retaliation for prior EEO activity. (docket no. 37.) Defendant filed an answer and affirmative defenses to the second amended complaint on September 8, 2010. (docket no. 39.) Plaintiff sought a motion for extension to respond which was granted by the undersigned on September 23, 2010. (docket no. 43.) In the instant motion filed on May 2, 2011, Defendant seeks a summary judgment with respect to all claims. (docket no. 44.) Despite receiving notice of the consequences of inaction, Plaintiff has failed to respond in opposition to Defendant's motion for summary judgment; and her attorney has withdrawn. (docket no. 46.)

## II. FACTS

Plaintiff, Judy Smith, is an African American female who resides in Rowan County, North Carolina. She is a VA employee at the VA Medical Center in Salisbury, North Carolina, where she currently works as a Medical Support Assistant in the Health Administration Services division. (Am. Compl. ¶¶ 1, 2.) Beginning in October 2003 and continuing into May 2010, Plaintiff initiated six EEO actions against the VA. (GE B, Mitchell Decl. ¶ 4.)

On October 9, 2003, Plaintiff contacted an EEO counselor for the VA and complained that she had suffered discrimination based on, among other things, her race and on prior and contemporary EEO activity. (*Id.* ¶ 5(a).) Subsequently, on

3

December 9, 2003, Plaintiff initiated Agency Case No. 2004-0659-2004100134. (*Id.* ¶ 5(b).) Plaintiff's claims were investigated, and on September 16, 2005, an administrative judge granted summary judgment in favor of the VA. (*Id.* ¶ 5(d).) On September 29, 2005, that decision was accepted by the VA through a final order. (*Id.* ¶ 5(e).)

On March 22, 2005, Plaintiff filed Agency Case No. 2004-0659-2005101393 alleging racial and reprisal discrimination, as well as harassment. (*Id.* ¶ 6(a).) Her claims were investigated; and on April 6, 2006, Plaintiff and the VA entered into a settlement agreement that resolved the action. (*Id.* ¶ 6(e).)

On November 14, 2005, Plaintiff filed Agency Case No. 2004-0659-2005104047 claiming discrimination based on physical disability. (*Id.* ¶ 7(b)). Her claim was subsequently dismissed by final agency decision for failure to state a claim. (*Id.* ¶ 7(c).)

On February 13, 2006, Plaintiff made another EEO claim based on reprisal discrimination. (*Id.* ¶ 8(a).) She did not, however, file a formal complaint; and the case was administratively closed. (*Id.* ¶ 8(b).)

On March 30, 2007, Plaintiff filed Agency Case Co. 2004-0659-2007102078, alleging discrimination based on race, reprisal, and disability. (*Id.* at ¶ 9(e).) The Employment Discrimination Complaint Adjudications limited its consideration of her claims to the allegations based on her time and attendance, tour of duty, and directed training. (*Id.*) On January 10, 2008, the VA issued a final decision,

concluding that Plaintiff failed to establish that the agency had discriminated against her.  (*Id.* ¶ 9(f).)

On May 11, 2007, Plaintiff filed Agency Case No. 2004-0659-2007102078 alleging discrimination based on race and disability.  (*Id.* ¶ 9(e).)  The Office of Employment Discrimination Complaint Adjudications limited its consideration of her claims to the allegations based on her time and attendance, tour of duty, and directed training.  (*Id.*)  On January 10, 2008, the VA issued a final decision, concluding that Plaintiff failed to establish that the agency had discriminated against her.  (*Id.* ¶ 9(f).)

The final action from Plaintiff's May 2007 EEO claim serves as the basis for this judicial action.

### III.  DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Zahodnick v. International Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997).  The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial.  *Matsushita Elec. Indus. Co. Ltd.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting). When making the summary judgment determination, the court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

As noted, Plaintiff did not respond to the summary judgment motion; however, an uncontested motion for summary judgment is not automatically granted. *Campbell v. Hewitt, Coleman & Assocs., Inc.*, 21 F.3d 52, 55 (4th Cir. 1994). The moving party's facts are deemed uncontroverted, and the court determines whether the moving party is entitled to a judgment as a matter of law. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (the moving party still must show that the facts entitle him to a judgment as a matter of law). "In determining if summary judgment is appropriate, the court should look to the movant's own papers," as well as to the record, to determine whether a genuine issue exists as to any material fact. *See Campbell*, 21 F.3d at 55-56. Rule 56(e) permits the court to consider "any of

6

the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . . ." *Celotex Corp.*, 477 U.S. at 324; *see also Campbell*, 21 F.3d at 55 ("If [the moving party] goes forward and supports his motion with post-pleading material, then the non-moving party cannot rest on his pleadings and generally must take some positive action in response").

Here, Defendant's motion for summary judgment is supported by exhibits submitted by Defendant; and Plaintiff has not responded to Defendant's motion. As a result of Plaintiff's failure to respond to Defendant's motion, Defendant's facts are uncontested; and the court will limit its inquiry to whether Defendant is entitled to summary judgment as a matter of law. *See Custer*, 12 F.3d at 416.

B. <u>Scope of EEO Claim and Failure to Exhaust Administrative Remedies</u>

In a Title VII case, a "plaintiff must exhaust her administrative remedies in order to properly file a civil suit for retaliation when the alleged retaliation could have been raised in the original Equal Employment Opportunity Commission (EEOC) complaint." Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.

> In considering exhaustion of administrative remedies requirement, the scope of Title VII plaintiff's right to file federal lawsuit is determined by . . . [EEO] charge's contents, and . . . only those discrimination claims stated in initial charge, those reasonably related to original complaint, and those developed by reasonable investigation of original complaint may be maintained in subsequent Title VII lawsuit . . . where claims raised under Title VII exceed scope of . . . [EEO] charge and any charges that naturally would have arisen from an investigation thereof, they are procedurally barred for failure to exhaust available administrative remedies through EEOC.

Civil Rights Act of 1964, § 701 *et seq.*, 42 U.S.C.A. § 2000e *et seq.*; 29 C.F.R. § 1601.12(b). In Plaintiff's May 2007 EEO filing, she alleges discrimination based on race, disability and reprisal that occurred while she was working as a Health Tech in HAS. (GE A, J. Smith Dep., Ex. 11) Yet, in Plaintiff's second amended complaint, she alleges discrimination based on religion and reprisal. (*See* Sec. Am. Compl. ¶ 2.) The allegations of race and disability discrimination in Plaintiff's May 2007 EEO filing are not found in her complaint. Furthermore, the allegations of religious discrimination would not have naturally arisen from an investigation into racial and disability discrimination. As a result, Plaintiff's allegations of religious discrimination and religious retaliation are not within the scope of the EEO filing and should be dismissed.[2]

Furthermore, Defendant asserts that all claims of retaliation which pre-date Plaintiff's May 2007 EEO filing should be dismissed for failure to exhaust administrative remedies. (Memo. Mot. for Sum. Judgment.) This court agrees.[3] In Plaintiff's second amended complaint, she references situations from when she was

---

[2] "In considering the exhaustion of administrative remedies requirement, the Fourth Circuit recently stated in *Jones* that '[t]he scope of the plaintiff's right to file a federal lawsuit is determined by the [EEOC] charge's contents.'" *Johnson v. Portfolio Recovery Associates, LLC,* 682 F. Supp. 2d 560, 574 (E.D. Va. 2009) (quoting *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009)).

[3] *See generally Clockedile v. New Hampshire Dep't of Corr.,* 245 F.3d 1, 6 (1st Cir.2001) (holding that retaliation claim arising after issuance of right-to-sue letter does not require filing of new charge "so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency").

in the Food Service Area which pre-date the May 2007 EEO charge. (*See* Sec. Am. Compl.) The only allegations Plaintiff can assert are while she was a Health Tech; all others are outside the scope of the charge.[4] As such, the only allegation that should be considered is the claim of retaliation relating to the charge in Plaintiff's May 2007 EEO claim. Plaintiff's May 2007 EEO claim dealt with reprisal in regard to change of tour of duty, time and attendance, and directed training. All of Plaintiff's other allegations relate to prior EEO filings in which the statute of limitations bars their appeal or have already been settled.[5]

In order to establish a prima facie case of retaliation, a complainant must show "(1) engagement in a protected activity; (2) an adverse employment action occurring subsequent to the protected activity; and (3) plaintiff's engagement in the protected activity was a substantial motivating factor in the adverse employment action." *Wells v. N. Carolina Dept. of Correction*, 152 N.C. App. 307, 314, 567 S.E.2d 803, 809 (N.C. Ct. App. 2002) (citing *Kennedy v. Guilford Tech. Community College*, 115 N.C. Ct. App. 581, 584, 448 S.E.2d 280, 282 (1994)); *see also Hanton v. Gilbert,* 126 N.C. Ct. App. 561, 571, 486 S.E.2d 432, 439, *disc. rev. denied,* 347 N.C. 266, 493 S.E.2d 454 (1997). Plaintiff asserts that Defendant created a hostile work

---

[4] "[T]he Court must determine whether Plaintiff's retaliation claim could be like or reasonably related to and growing out of allegations included in the EEOC charge." *Johnson v. Portfolio Recovery Associates, LLC,* 682 F. Supp. 2d 560, 574 (E.D. Va. 2009).

[5] If no appeal has been filed, the employee may file a civil action in district court within 90 days of receiving the final agency action, or after 180 days from the filing of a complaint with the agency. 29 C.F.R. § 1614.407(a) & (b); 42 U.S.C. § 2000e-16(c).

environment and retaliated against her by changing her tour duty hours, requiring her to repeat training, and having to report whereabouts to supervisors due to her race, disability and prior EEO activity. In addition, Plaintiff asserts that she was denied leave on several occasions; and she was forced to be counseled before leave would be granted. Despite these allegations, Defendant proffers legitimate, non-discriminatory reasons for all of its actions, including denying Plaintiff sick leave, changing Plaintiff's tour of duty, requiring Plaintiff to retrain, and having her co-workers report about her work habits. *Kennedy,* 115 N.C. Ct. App. at 585, 448 S.E.2d at 282 (stating that defendant must proffer "legitimate, non-discriminatory reason for adverse [employment] action) (*quoting Melchi v. Burns Int'l Sec. Servs. Inc.,* 597 F. Supp. 575, 582 (E.D. Mich.1984)).

Based on the investigation by the EEOC, it is known that Plaintiff consistently took leave or was absent, sometimes without following proper leave-taking procedures. (*See* GE B-9, Final Agency Decision, p.3.) Based on this disregard for properly authorizing missed work time, Defendant had good reason to initially deny Plaintiff's leave requests for March 2007. Plaintiff's supervisor had expressed concern about the amount of leave that Plaintiff had taken, and did seek to have additional medical documentation. (*Id.*) Furthermore, because Plaintiff had used up all of her allotted sick leave, Defendant was legitimately concerned about approving Plaintiff's request of 240 hours of advanced sick leave. (*Id.)* Yet, once Defendant did get the requested documentation, the sick leave was approved. (*Id.*)

10

Furthermore, Plaintiff was assigned to Health Administrative Services as part of a settlement to a prior EEO, which is evidence that she was engaged in a protected activity, and her supervisors were aware of the protected activity. (*Id.* at 15.) As such, Plaintiff asserts that she was discriminated and retaliated against by having her tour of duty changed because of her prior EEO charges. Although Plaintiff's tour of duty was changed, it was only slight. Plaintiff was required to work from 8:00 am to 4:30 pm; instead of her old shift of 7:30 am to 4:00 pm. (*Id.* at 3.) This could hardly be considered retaliatory. Plaintiff's tour change was reportedly a result of the needs of the department that she was working in; and admittedly, Plaintiff states that she did not have difficulty working the new shift. (*Id.* at 15.) In addition, the EEOC found that the occurrence of the job change and the claim were too attenuated in time to be retaliation. Plaintiff's prior claim occurred in 2006, and she did not file this claim until 2007. (*Id.*)

Last of all, Plaintiff's charge about being supervised by co-workers and being forced to retrain is supported by complaints from Plaintiff's co-workers. The EEOC report suggests in addition to Plaintiffs tardiness, her work performance was supposedly unsatisfactory. "The responses in the record indicate that all of the medical support assistants complained to CB [Plaintiff's supervisor] about the complainant failing to complete her work assignments, and about leaving the work area, and about her mistakes and misplaced documents." (*Id.*) It is further alleged that when CB proposed retraining Plaintiff, that Plaintiff said yes. (*Id.*) There is

11

legitimacy in Defendant's actions when all matters are considered. *See Karpel v. Inova Health Sys. Servs.,* 134 F.3d 1222, 1227 (4th Cir.1998) (finding no discriminatory intent where plaintiff was repeatedly tardy and performed her job unsatisfactorily). At no point during Plaintiff's EEO charge was she given disciplinary action. Her claims of retaliation are not supported by the evidence. Plaintiff has failed to show evidence that supports the charges found within her May 2007 EEO claim.

## IV. CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant's motion for summary judgment (docket no. 44) be **GRANTED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

June 15, 2011