IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JUDY SMITH,                              )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )      1:08-cv-272
                                         )
ERIC K. SHINSEKI, Secretary of the       )
Department of Veterans Affairs,          )
                                         )
            Defendant.                   )

**MEMORANDUM OPINION AND ORDER**

Judy Smith filed this action pro se against her employer, the Department of Veterans Affairs ("VA"), through its Secretary. Ms. Smith asserts claims of religious discrimination, creation of a hostile work environment, and retaliation. The Magistrate Judge recommended that the Defendant's Motion for Summary Judgment be granted. Ms. Smith neither responded to the Motion for Summary Judgment, nor filed timely objections to the Recommendation.[1] The Defendant filed a suggested modification to the Magistrate Judge's Recommendation about the elements of a prima facie case for retaliation (Doc. 55), which the Court finds has merit. For the reasons stated in the Magistrate Judge's Recommendation, as supplemented and modified by this Order, the Defendant is entitled to summary judgment.

Ms. Smith filed her discrimination and harassment claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16(c). Before filing suit over

---

[1] Almost a week after the Court granted the summary judgment motion by text order, and more than two weeks after the deadline for filing objections, Ms. Smith filed a document entitled "Opposition of Defendant Motion for Summary Judgement [sic]." (Doc. 56.) Because this document was filed well after the deadline for filing objections and after the Court had granted summary judgment in favor of the Defendant, the Court will not consider it.

violations of Title VII and other anti-discrimination statutes, federal employees, like those in the private sector, must exhaust all administrative remedies. *See Laber v. Harvey,* 438 F.3d 404, 415 (4th Cir. 2006) (en banc). After the final agency action, the employee has a relatively short period of time within which to file suit in federal district court. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407; *see Laber*, 438 F.3d at 416 n.9. The suit is limited to claims made during the administrative process, or reasonably related to those claims. *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

Since being hired in 2002, Ms. Smith has complained about discrimination six times to the VA's Office of Resolution Management (Doc. 45-7 at 1–4 (Decl. of John K. Mitchell)), which processes Equal Employment Opportunity ("EEO") complaints filed by VA employees (Doc. 45-3 at 45 (J. Smith Dep. at 145)).[2] This lawsuit was filed on April 17, 2008, and was timely only as to the claims she made in her fifth administrative charge, signed in May 2007 (Doc. 45-15 at 2).[3] Claims arising from conduct outside that charge are not properly before the Court. *See Jones*, 551 F.3d at 300.

In the May 2007 charge, Ms. Smith alleged discrimination based on race, disability, and reprisal. (Doc. 24-2 at 15.) Ms. Smith's Second Amended Complaint filed with the Court contains only allegations of religious discrimination and reprisal. (Doc. 37 at 5, 6–7.) Because

---

[2] References to EEO filings or complaints are to filings made to the Office of Resolution Management at the Department of Veterans Affairs. See *Laber*, 438 F.3d at 415–17, for a discussion of the differences between private-sector Title VII claims and government-employee Title VII claims.

[3] The agency's final action on the first administrative complaint was in April 2005. The second administrative complaint was resolved by settlement in April 2006. The agency's final action on the third administrative complaint was in December 2005. Ms. Smith's fourth administrative complaint was only made informally in February 2006, and the case was administratively closed because she never filed a formal administrative complaint. The agency did not take final action on her sixth administrative complaint until November 2010, after the Second Amended Complaint was filed in August 2010.

2

she made no religious-discrimination allegations in her May 2007 charge (Doc. 24-2 at 15), she cannot raise them before this Court and the Defendant is entitled to summary judgment on that issue. *See Jones*, 551 F.3d at 300.

In the Second Amended Complaint, Ms. Smith makes a number of allegations concerning retaliation. (Doc. 37 at 6–7.) Most of these allegations were not mentioned in her May 2007 charge. (Doc. 24-2 at 15.) As to these, the Defendant is entitled to summary judgment because Ms. Smith either did not properly exhaust her administrative remedies as to those claims as required for federal employees, or she did not timely file suit when those claims were administratively denied. *See Laber*, 438 F.3d at 415, 416 n.9; *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509–10 (4th Cir. 2005).

This leaves Ms. Smith's claims that the VA retaliated against her by changing her tour of duty hours, requiring her to repeat training, and requiring her to report her whereabouts to her supervisors. She arguably raised these claims in her fifth administrative claim signed in May 2007, and thus as to these claims Ms. Smith exhausted her administrative remedies and timely filed suit.

In the absence of direct evidence, a court analyzes a Title VII retaliation claim under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *See Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004). To establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate three elements: "(1) she engaged in a protected activity; (2) the employer acted adversely against her; and (3) there was a causal connection between the protected activity and the asserted adverse action." *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008) (citing *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007)). If the plaintiff establishes a prima facie case, the burden shifts to the

employer to show a legitimate, non-retaliatory reason for the adverse employment action. *Baqir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006). If the employer does so, the burden shifts back to the plaintiff to prove that this reason was a pretext for retaliation. *Id.*

Assuming, *arguendo*, that Ms. Smith could establish that her employer's actions were materially adverse,[4] and that there was a causal connection, she still cannot prevail on her retaliation claim. The Defendant offers a legitimate, non-retaliatory reason for each adverse employment action. (Doc. 45 at 17–20.) Ms. Smith offered no evidence that these reasons were a pretext for retaliation.

**THEREFORE, IT IS HEREBY ORDERED** that 1) The Magistrate Judge's Recommendation is modified and supplemented in part and otherwise adopted to the extent indicated by this Order; 2) The Defendant's Motion for Summary Judgment (Doc. 44) is **GRANTED;** and 3) This action is **DISMISSED WITH PREJUDICE.**

This the 24th day of August, 2011.

United States District Judge

---

[4] Under *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006), a plaintiff must satisfy the second element by showing that the challenged action "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." 548 U.S. at 68 (internal quotation marks omitted). The Fourth Circuit has not decided in a reported case whether the *White* standard applies to a Title VII retaliation case involving a federal employee, *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008) (declining to address whether the *White* standard applied to federal employees). The Fourth Circuit has applied this standard to federal employees in unreported cases. *E.g.*, *Caldwell v. Johnson*, 289 F. App'x 579, 591 n.13, 592 (4th Cir. 2008) (citing cases).